IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

JAMAR M. STATEN,
    Movant,

vs.

MICHELE BUCKNER,
    Respondent.

Case No. 24-1956

**MOVANT'S REPLY IN SUPPORT OF
HIS MOTION FOR LEAVE TO FILE A SECOND OR
SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS**

Movant Jamar M. Staten replies under Fed. R. App. P. 27(a)(4) in support of his motion for leave to file a second habeas petition under 28 U.S.C. § 2254.

In his motion for leave, Mr. Staten requested the Court's permission under 28 U.S.C. § 2244(b) to file a second habeas corpus petition to bring a claim under *Brady v. Maryland* based on evidence he did not receive from the State until nearly seven years after his conviction. He explained that the evidence, the recording of a 911 call, showed the victim's injury in his underlying criminal conviction was likely not as severe as the State argued it was at trial, a material element differentiating first- and second-degree assault under Missouri law. So, he explained, because the previously withheld evidence created the reasonable probability that the jury would have convicted him of

second-degree assault, rather than first-degree, he should be allowed to bring this claim now in a new § 2254 petition.

The State makes only two arguments in response to Mr. Staten's request, neither of which counters the merits of his *Brady* claim. First, it asserts Mr. Staten could have previously uncovered the 911 call through due diligence. Second, it asserts the evidence in the call does not show that no reasonable juror would have convicted Mr. Staten of the more serious offense. Both of the State's arguments are wrong.

**A. Mr. Staten had no due diligence to uncover exculpatory evidence in the State's possession he already requested and had no knowledge of.**

Under § 2244(b)(2)(B)(i), a federal court facing a second or successive petition for writ of habeas corpus from a state prisoner under § 2254 must dismiss the petition unless "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence[.]"

The State argues Mr. Staten does not meet this requirement because he could have requested the 911 call "[a]t any point before or after" filing his first federal habeas petition in 2021 (Resp. at 4). So, it asserts, Mr. Staten "could have requested the tape in time to include it as the basis of a claim in the 2021 petition. But he did not" (Resp. at 5).

The State offers no explanation why due diligence required Mr. Staten to search for the 911 call at any earlier point. He requested all

exculpatory material from the State long before trial, but the State did not provide him a copy of the call or any indication at all that it existed (Ex. 1-12).[1]

The one decision the State cites to support its position, *O'Neal v. Bowersox*, 73 F.3d 169 (8th Cir. 1995), does not help it. There, the a district court "concluded that it constitutes an abuse of the writ because O'Neal has failed to show why he could not have obtained the factual basis of the claim prior to filing his first petition." *Id.* at 170. In a three-paragraph *per curiam* opinion that did not discuss the factual predicate for the petitioner's *Brady* claim at all, this Court affirmed. *Id.* Only the dissenting opinion made clear that the withheld evidence was a trial witness's prior criminal convictions, but it did not discuss how the petitioner obtained the evidence. *Id.* (Arnold, J., dissenting).

A more appropriate decision governing the due diligence standard in this case is *Blackman v. Davis*, 909 F.3d 772 (5th Cir. 2018), which Mr. Staten cited in his motion, and which the State does not address. As in this case, the factual predicate for the petitioner in *Blackman* was also the recording of a 911 call. *Id.* at 779. The Fifth Circuit concluded a defendant exercising due diligence would have discovered the call earlier only because a witness at trial explicitly referenced it. *Id.*

---

[1] All exhibit citations in this reply are to the exhibits attached to Mr. Staten's motion for leave to file a second or successive habeas petition.

3

Mr. Staten was not on any such notice. Only passing reference was made to someone *potentially* calling 911 during the trial (Ex. 1-2 ["Tr."] at 138). No witness confirmed a call was every actually made, nor did the police reports reference a 911 call or caller (Ex. 1-13). And there was certainly no reference ever made to its exculpatory content. *Blackman*'s holding discussing a substantially similar piece of new evidence shows why this case requires a different outcome.

The State's broad argument that Mr. Staten "could have requested" the call earlier but did not could apply equally to *any* piece of new evidence. A petitioner always *can* discover a factual predicate by going down a particular investigative path. The due diligence standard asks whether he had any reason to know of that path earlier. Mr. Staten had no reason to request the 911 call any earlier than he did in this case, particularly when he had no knowledge of its contents and expected the State to have turned over all exculpatory evidence years earlier, nor does the State supply such a reason.

This Court should reject the State's simplistic and overbroad standard of due diligence, which the law does not reflect. It should grant Mr. Staten leave to file his second federal habeas corpus petition.

**B.     Had the jury heard the recording of the 911 call at trial, no reasonable factfinder would have been convinced beyond a reasonable doubt that Mr. Kosgei suffered a serious physical injury and found Mr. Staten guilty of first-degree assault.**

Satisfying the due diligence requirement alone is insufficient to satisfy § 2244(b)(2)(B). A petitioner also must show that "the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B)(ii).

In a single, final paragraph, the State argues Mr. Staten does not meet the requirement in § 2244(b)(2)(B)(ii) (Resp. 5). It points to the victim's "stab wound in the stomach requiring surgery, forty-two staples, and five days of hospitalization" to assert there is no evidence "that no reasonable juror would convict" after hearing the 911 call recording (Resp. 5). The State's response ignores the nuanced difference between "serious physical injury" and "physical injury" under Missouri law and the dearth of concrete evidence the State presented about the victim's injury at trial.

As Mr. Staten explains in his proposed habeas petition, a "physical injury" is the "physical pain, illness, or any impairment of physical condition," Mo. Rev. Stat. § 556.061(20), whereas "serious

5

physical injury" means "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." § 556.061(28). "Protracted means something short of permanent but more than of short duration, and what is considered protracted depends on the circumstances of the case." *State v. Trimmer*, 849 S.W.2d 725, 728 (Mo. Ct. App. 1993).

This distinction matters, as the first-degree assault charge the jury convicted Mr. Staten of prohibits knowingly causing "serious physical injury," while the lesser second-degree offense bars knowingly causing only "physical injury." §§ 565.050.1, 565.060.1(2).

The State presented no evidence that the victim's stab wound presented him with a "substantial risk of death," that he was "serious[ly] disfigure[d]," or that he had actual loss or impairment of any body function or part as a result of the stabbing. § 556.061(28). Given this absence, had the jury heard the recording of the 911 call, no reasonable juror would have concluded the State proved beyond a reasonable doubt that the victim suffered a serious physical injury rather than just a physical injury.

The State's argument ignores this law and these facts altogether. Mr. Staten has satisfied § 2244(b)(2)(b)(ii). The Court should grant him leave to pursue his *Brady* claim in the district court.

6

## Conclusion

Mr. Staten has made a prima facie case under § 2244(b)(2)(B) that he is entitled to file a second federal habeas petition and have it considered on the merits. This Court should grant him leave to do so.

Respectfully submitted,

*Jonathan Sternberg, Attorney, P.C.*

by /s/Jonathan Sternberg
Jonathan Sternberg, Mo. #59533
Brody Sabor, Mo. #73421
2323 Grand Boulevard #1100
Kansas City, Missouri 64108
Telephone: (816) 292-7020
Facsimile: (816) 292-7050
jonathan@sternberg-law.com
brody@sternberg-law.com

COUNSEL FOR MOVANT
JAMAR M. STATEN

Certificate of Service

I certify that on May 23, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Jonathan Sternberg
Attorney

Certificate of Compliance

     I certify under Fed. R. App. P. 32(g)(1) that this reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,349 words, excluding the caption, signature block, and certificate of service.

     I further certify that this reply complies with the typeface requirements of Rule 32(a)(5) and the typestyle requirements of Rule 32(a)(6), because I prepared it in a proportionally spaced typeface, Century Schoolbook size-14 font, using Microsoft Word for Office 365.

     I further certify that the electronic copy of this reply filed via the Court's CM/ECF system is an exact, searchable PDF copy thereof, that it was scanned for viruses using Microsoft Windows Defender, and that according to that program, it is free of viruses.

s/Jonathan Sternberg
Attorney